**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Criminal No. 07-00401-KD-C** |
| | * | |
| **ANGELINA P. McNEILL** | * | |

**ORDER**

This matter is before the Court on Defendant Angelina P. McNeill's Motion for Early Termination of Probation (Doc. 22) and the Government's response thereto (Doc. 24). Upon consideration and for the reasons set forth herein, Defendant McNeill's motion is **GRANTED,** her probation is terminated, and she is discharged from supervision.

**I.     Background**

A review of the record reveals that after her plea of guilty to the offense of False Claims Against the Government (18 U.S.C. § 287),[1] this Court sentenced Defendant McNeill to a term of three (3) years probation on May 9, 2008. (Doc. 20). Defendant McNeill was summonsed to appear on January 16, 2008, at which time she was released on her own recognizance. (Doc. 8). She has been supervised by U.S. Probation since May 9, 2008. (Doc. 20). In March 2009, Defendant McNeill paid the entire restitution of $4,358.00 due, such that there are no fees, fines or restitution balances outstanding. (Doc. 21). Counsel for Defendant McNeill also asserts that the defendant has maintained employment and strictly complied with all of the standard and special conditions of her probation. (Doc. 22).

---

[1] The case involved a fraudulent FEMA claim for assistance following Hurricane Katrina

Defendant McNeill seeks early termination on the basis that she has fully complied with all the terms of her release, paid the entire restitution of $4,358.00 such that there are no fees, fines or restitution balances outstanding, and she has maintained employment and strictly complied with all of the standard and special conditions of her probation. Additionally, Defendant McNeill asserts that she is 38 years old, had no criminal history prior to the instant offense, has a solid history of employment, cooperated in the investigation of this case, freely admitted her guilt, and paid restitution early. Moreover, Defendant McNeill states that the stigma and loss of civil rights resulting from her conviction in this matter, in addition to the time already served on probation, constitute sufficient punishment for this offense. Further, Defendant McNeill asserts that she poses a minimal risk of recidivism, further supervision is not necessary to protect the public, and she is not in need of any services from probation in order to lead a productive, law-abiding life.

Defendant McNeill's current probation officer has recommended that she is a good candidate for early termination from her term of probation stating that since she has been under supervision, the special assessment fee and restitution have been paid in full, she has had no known new arrests, and has maintained a compliant supervision status which includes maintaining steady employment and a stable living situation, and she has demonstrated a positive attitude towards supervision.

The Government does not oppose Defendant McNeill's motion, stating that "[u]pon consultation with the United States Probation Office, the United States does not object to the motion." (Doc. 24).

**II.   Discussion**

Title 18 U.S.C. § 3564(c) addresses early termination of probation and sets forth, in relevant part, as follows:

> (c) Early termination.--The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the

>Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

As an initial consideration, the Court finds that one year of probation on Defendant's Class D felony conviction, has expired; therefore, she has met that prerequisite to termination. The decision to grant early termination of probation is discretionary and will be reviewed for abuse of discretion. See, e.g., United States v. Reagan, 162 Fed. Appx. 912, 914 (11th Cir. 2006). As set forth in Reagan:

>Under 18 U.S.C. § 3583(e)(1), after considering the factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release in which the defendant has already served at least one year. Before terminating supervised release, the court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Supervised release was designed to "improve the odds of a successful transition from the prison to liberty." Johnson, 529 U.S. at 708-09, 120 S.Ct. at 1805 (2000). The goal is, in part, to facilitate training and rehabilitation, including restitution. Id. at 709, 120 S.Ct. at 1805. The statute's requirement that courts examine 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendants committing the same types of crimes are all also considerations related to supervised release. See 18 U.S.C. §§ 3553(a), 3583(e)(1).

Id. Specifically, the applicable factors for consideration set forth in 18 U.S.C. § 3553(a) include:

>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>(2) the need for the sentence imposed–
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>                          * * *
>(3) the kinds of sentences available;

>   (4) the kinds of sentence and the sentencing range established for--
>       (A) the applicable category of offense committed by the applicable category
>       of defendant as set forth in the guidelines--
>                                   * * *

18 U.S.C. § 3553(a).

In this case, there is no objection to the Defendant's request for early termination. Moreover, after both consultation with Defendant McNeill's probation officer and consideration of the Section 3553(a) factors, the Court is satisfied that early termination is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Defendant McNeill was not convicted of a crime of violence and she has no prior criminal history other than the instant offense. Defendant McNeill has complied with all conditions of her probation and paid restitution in full (and early). Defendant McNeill has maintained employment and has a history of employment. Defendant McNeill cooperated in the investigation of this case and freely admitted her guilt. Defendant McNeill has also responded sufficiently well to probationary supervision that she has obtained a recommendation for early termination from her probation officer. The Court also noted that the sentencing range established by the sentencing guidelines was 0-6 months imprisonment or no more than 3 years probation. Thus, a probationary period of approximately 15 months (since May 9, 2008), is within the guidelines and should provide just punishment for this offense, deterrence from future criminal activity, and protection to the public.

### III.  Conclusion

Accordingly, having considered the applicable factors of 18 U.S.C. § 3553(a) and the facts as presented, the Court is satisfied that early termination is "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). It is hereby **ORDERED** and **ADJUDGED** that Defendant McNeill's motion for early termination of probation (Doc. 22) is **GRANTED** such that term of probation imposed on May 9, 2008 is **TERMINATED.**

The Clerk of the Court is **DIRECTED** to mail a copy of this order to the Defendant.

**DONE** and **ORDERED** this the **17th** day of **August 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**